IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   22-cr-00113-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   DEBRA CAMPBELL,

    Defendant.

**GOVERNMENT'S RENEWED OBJECTIONS TO THE REVISED
PRESENTENCE REPORT AND ADDENDUM TO THE PRESENTENCE REPORT
[DOC. #s 24 & 25]**

    The United States of America hereby files the Government's Renewed Objections to the Revised Presentence Report and to the Addendum to the Revised Presentence Report [Doc. #s 24 & 25].

    Paragraph 35 of the Revised Presentence Report (PSR) now states: "Counts 1 and 2 are grouped together for guideline calculation purposes because when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts (sic)."   [Doc. #24 at ¶ 35].   The government objects to this statement because it is an incorrect interpretation of the grouping rules set forth in the sentencing guidelines.   [*See* U.S.S.G. § 3D1.2].

1

Section 3D1.2 of the United States Sentencing Guidelines states: "All counts involving substantially the same harm shall be grouped together into a single group." [U.S.S.G. § 3D1.2]. Counts 1 and 2 do not group together because they do not involve the same harm. The harm resulting from defendant's wire fraud was the loss to the HOA victims from whom she embezzled money. [Doc. # 10 at pp. 8-10]. The harm resulting from the defendant's subscribing to a false tax return was the under reporting of, and failure to pay, the income taxes that she owed. [*Id.* at pp. 11-14]. These are completely separate harms. Additionally, these two offenses do not involve the same victim, the same transaction, or a common scheme or plan. [See U.S.S.G. § 3D1.2 (a)-(c)].

The Addendum to the Presentence Report states: "Counts 1 and 2 do group pursuant to USSG § 3D1.2(c), which states that when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." [Doc. # 25]. The Addendum then explains that because the defendant failed to report income she received from her fraud, a two-level increase would have been applied under § 2T1.1(b)(1), causing the fraud and tax evasion counts to group under § 3D1.2(c). *Id.*

But the Tenth Circuit has squarely rejected this interpretation of § 3D1.2(c). *See United States v. Peterson,* 312 F.3d 1300, 1302-04 (10th Cir. 2002). In considering this issue, the *Peterson* Court first noted that it had already held that fraud and tax evasion counts should not be grouped under § 3D1.2(d) because they did not involve substantially the same harm. *Id.* at 1303, citing *United States v. Lindsay*, 184 F.3d

2

1138, 1142-43 (10th Cir. 1999). "In declining to group these two crimes, we pointed out that the victims of the offenses are distinct because society is harmed by tax evasion, whereas an individual is harmed by mail fraud. Moreover, we said the offenses involve distinct behavior, and the measures of harm attributable to each offense are distinct." *Id.*

The Tenth Circuit then rejected the defendant's argument that the fraud and tax evasion counts should have been grouped under § 3D1.2(c) because tax evasion receives a two-level enhancement for unreported income resulting from the mail fraud under § 2T1.1(b). *Id.* While it noted the Fifth Circuit had held these two crimes should be grouped under § 3D1.2(c), the Tenth Circuit joined the majority[1] of circuits in holding that fraud and tax evasion counts should not be grouped under § 3D1.2(c). *Id.*

---

1 "[T]he Third, Fourth, and Sixth Circuits have held that tax evasion should not be grouped with mail or wire fraud or with money laundering. *Weinberger v. United States*, 268 F.3d 346, 354–55 (6th Cir.2001) (rejecting grouping of tax evasion and mail fraud counts); *United States v. Morris*, No. 00–4043, 2000 WL 1260162 (4th Cir. Sept.6, 2000), *cert. denied*, 531 U.S. 1203, 121 S.Ct. 1216, 149 L.Ed.2d 128 (2001) (no error in refusing to group money laundering and tax evasion counts); *United States v. Vitale*, 159 F.3d 810, 813–15 (3d Cir.1998) (declining to group wire fraud and tax evasion). The Third Circuit dismissed the *Haltom* rationale as unpersuasive, and expressly declined to follow an advisory issued by the Sentencing Commission's Training Staff stating that tax evasion should always be grouped with mail or wire fraud. *Vitale*, 159 F.3d at 815 (affirming reasoning in *United States v. Astorri*, 923 F.2d 1052 (3d Cir.1991), and declining to follow Questions Most Frequently Asked About the Sentencing Guidelines, Vol. V, March 1, 1992). The Training Staff advisory is not binding and does not represent the Commission's official position on the matter. Id. at 815. The Third Circuit reasoned that tax evasion and wire fraud represent different criminal conduct and grouping them in this type of case 'would have the anomalous result that an enhancement designed to increase a sentence has the effect of reducing it.'" *Peterson*, 312 F.3d at 1303.

The *Peterson* Court agreed with the district court that the specific offense characteristic for failure to report criminally-derived income was not sufficiently based on the conduct embodied in the mail fraud count as to warrant grouping. *Id.* "[T]he specific offense characteristic for the tax evasion count relates to the defendant's subsequent decision and conduct regarding the tax treatment of those monies he embezzled from the companies, and this conduct is not embodied within the defendant's use of the mail to conceal the embezzlement from the victims. The court finds this is not a situation of double counting." *Id.*

The *Peterson* Court further noted "that the enhancement in § 2T1.1(b)(1), the tax evasion guideline, serves a different purpose than the enhancement in § 2F1.1(b)(1)(K), the mail fraud guideline, which is yet another reason there was no impermissible double counting in this case." *Id.* The purpose for the increase under § 2F1.1(b)(1)(k) is to account for the seriousness of the crime in terms of the amount of money involved whereas the purpose for the increase under § 2T1.1(b)(1) is to account for the fact that "criminally derived income is generally difficult to establish, so that the tax loss in such cases will tend to be substantially understated. An enhancement for offenders who violate the tax laws as part of a pattern of criminal activity from which they derive a substantial portion of their income also serves to implement the mandate of 28 U.S.C. § 994(i)(2)." *Id.* (internal citations omitted).

The *Peterson* Court then concluded:

We are convinced that tax evasion and mail fraud are not closely related because the victims of tax evasion and mail fraud are not the same, the offenses involve distinct behaviors, the purposes of the

enhancements are different, and the harms attributable to each crime are dissimilar. Accordingly, the district court correctly declined to group the tax evasion and mail fraud counts in this case.

*Id.*; *see also* United States v. Doxie, 813 F.3d 1340, 1345 (11th Cir. 2016) (affirming refusal to group fraud and tax evasion counts under either (c) or (d) of § 3D1.2).

Because Counts 1 and 2 should not be grouped, the government also objects to the Adjusted Offense Level of 23 and the Total Offense Level of 20 that are set forth in Paragraphs 42 and 46 of the PSR. [Doc. # 24 at ¶¶ 42 and 46]. Instead, as set forth in the plea agreement, the Adjusted Offense Level should be 24, and the Total Offense Level should be 21. [Doc. # 10 at pg. 15].

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: s/ *Pegeen D. Rhyne*
PEGEEN D. RHYNE
Assistant U.S. Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
(303) 454-0100
Fax: (303) 454-0409
Pegeen.Rhyne@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

      s/ *Amy McDaniel*
      Amy McDaniel
      Legal Assistant
      U.S. Attorney's Office